UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CHRISTINA DIAZ,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:24-cv-00704-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 16, 21). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income. (ECF No. 1). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 9).

Plaintiff filed her motion for summary judgment on November 15, 2024. (ECF No. 16). Defendant filed its oppositional brief on January 30, 2025. (ECF No. 21).[1] On February 13, 2025, Plaintiff filed a reply. (ECF No. 22). The Court held a hearing on the motion on May 16, 2025. (ECF No. 25). The Court then allowed the parties to submit supplemental briefs. (ECF No. 26). Plaintiff filed a supplemental brief on June 6, 2025. (ECF No. 27). The Commissioner

---
[1] The parties stipulated to an extension for Defendant to file its brief by no later than January 30, 2025. (ECF No. 20).

1

did not file a supplemental brief.

Having considered the record, administrative transcript, parties' briefs, applicable law, and for the reasons set forth below, the Court finds as follows.

**I.      SUMMARY OF THE PARTIES' ARGUMENTS**

Plaintiff argues that remand is proper because the ALJ failed to fully develop the record by obtaining a consultative examination, and that therefore the ALJ's determination was not supported by substantial evidence.  Plaintiff also argues that the ALJ based the RFC on his own lay review of the raw objective medical record. (ECF No. 16 at 8).  Plaintiff states that "[d]espite citing to objective evidence of record examination findings or imaging findings, the ALJ is not qualified to perform his own independent review of this raw evidence and formulate a function by function RFC." (*Id.* at 8-9).  Plaintiff further argues that the ALJ harmfully erred "by failing to send [her] to a CE for examination and review of updated medical evidence" and "by failing to obtain an opinion from an examining source or submit the updated records to a medical professional for interpretation." (*Id.* at 9).

The Commissioner responds that Plaintiff has forfeited her argument based on duty to develop because she failed to ask the ALJ to develop the record further. (ECF No. 21 at 4).  The Commissioner argues that Plaintiff's counsel was aware of the finding of insufficient evidence due to the failure of Plaintiff to cooperate with the Social Security agency's requests for documents. (*Id.* at 4-5).  The Commissioner states that Plaintiff has the duty to prove disability, and in this case, the agency asked Plaintiff to complete the required forms on several occasions. (*Id.*).  Because these forms were required but never completed, the agency found that there was insufficient evidence to fully adjudicate Plaintiff's application. (*Id.*).  Plaintiff also did not complete the required forms at the reconsideration level, and "[a]s a result, State agency medical consultant W. Jackson, M.D. also recommended denying the claim due to insufficient evidence." (*Id.* at 6).  The Commissioner also argues that, contrary to her current position, Plaintiff previously requested the ALJ to interpret her medical records because she believed her impairments were more limiting than what was concluded by the state examiners. (*Id.*).  Alternatively, the Commissioner argues that substantial evidence supported the ALJ's assessment of the RFC and the ALJ had no duty to develop the record further. (ECF No. 21 at 7).

Plaintiff replies that she did not waive any arguments regarding the ALJ's duty to develop the record because "'[i]n Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel.'" (ECF No. 22 at 2). Plaintiff also reasserts her argument that the RFC is not supported by substantial evidence. (*Id.*).

The Court held a hearing on May 15, 2025, specifically to address the issue of Plaintiff's failure to submit requested forms regarding her functionality. (ECF No. 25). The Court permitted the parties to submit supplemental briefs regarding this issue. (ECF No. 26). On June 6, 2025, Plaintiff submitted a supplemental brief, arguing that "[t]here is no requirement in SSA law that a must person complete a Function Form or otherwise waive their right to have an ALJ fully and fairly develop the record, especially if they have appeared and testified regarding their functioning at an ALJ hearing and their attorney has provided the requested information in a pre-hearing brief." (ECF No. 27).

The Commissioner did not file a supplemental brief.

## II.     ANALYSIS

### 1.  Plaintiff's Failure to Complete Forms Regarding Functionality

The Court first considers whether Plaintiff forfeited any argument that the ALJ erred in failing to obtain a consultative medical opinion because it was Plaintiff's own failure to provide the consultative examiners with necessary information that prevented them from rendering such an opinion.

#### a.  Plaintiff's Failure to Submit Information

Regarding this issue, the administrative record reflects as follows: in May of 2021, the agency requested Plaintiff to submit the adult function form, then reminded her to fill out the form in June of 2021. (A.R. 60) ("07/28/2021 8:24am t/c to cl's Rep 559-439-9700 l/m for a call back regarding forms sent to cl 05/26/2021 and a reminder the forms were due sent 06/15/2021. Req a call back regarding forms. The rep and cl sent call in letters.  08/23/2021 No response from rep or cl from call or call in's. We need funx forms in file. The mail is not being retuned, addr appears to be correct. We have IE d/t FTC."); (A.R. 61) ("Cl was sent forms 05/26/2021 w/a reminder they were due sent 06/15/2021, we have not recd completed forms for funx and we need

3

addl info regarding tx. Call made to rep and call in's sent to cl and rep."). The record also indicates that the agency requested clarification on Plaintiff's mental limitations, but did not get a response. (A.R. 61) ("Cl only alleges phy limitations, prior claims she had mental allegations. ADL's sent at opening and call in's sent to clarify any mental limitations however, we have not heard back from cl or rep.."). As a result, consultative examiner Cobb concluded there was insufficient evidence to fully adjudicate the claim. ("We have been unable to get the completed funx forms back from cl or rep and we have recd no response to call in's sent to cl and rep. We have given addl tine, due process was served. We have IE to fully adjudicate this T16 claim. MLCOBB"). Consultative examiner Linder agreed. (A.R. 61) ("Physical MC Response 08/25/2021: Agree, insufficient evidence. jlinder,md#19"). Based on the information available, it was determined that Plaintiff was not disabled. (A.R. 63-64) ("Although you have been requested to furnish additional evidence, you have not done so. Therefore, a determination has been made based on the evidence in file. This evidence does not show that you are disabled.")

Plaintiff then sought reconsideration of the agency's decision. The Agency again requested the Plaintiff return forms with information about her health, and her representative indication that Plaintiff would send them in. (A.R. 70) ("10/18/2021 received message from AR, the claimant is completing the forms and will return them COB to AR for submission."). However, Plaintiff again failed to provide the requested information. (A.R. 71) ("To date, she has again failed to return function forms. Without we cannot assess how her impairments are limiting and therefore, recommend we continue to have insufficient evidence."). Consultative examiner Jackson again found that the evidence in the file was insufficient to render a medical opinion. (A.R. 71) ("Physical MC Response: W. Jackson, MD; #45; 11/22/21. There is limited evidence in the file that does not adequately describe the claimant's alleged impairments. The claimant has failed to respond to our requests for the additional information needed to proceed with this evaluation. Recommend IE."); (A.R. 73-74) ("Although you have been requested to furnish additional evidence, you have not done so. Therefore, a determination has been made based on the evidence in file. This evidence does not show that you are disabled.").

Although the record does not appear to contain the exact forms sent to Plaintiff, the Court has reviewed the Adult Function Report available on the Social Security Administration's

website.² It is a 10-page form requesting various pieces of information regarding a claimant's condition including detailed information about various aspect of a claimant's illnesses, injuries, or conditions; a claimant's daily activities; and a claimant's abilities  The information it seeks is highly relevant to evaluating a claimant's claim of disability.

### b. Legal Standards

The Court has not located a case on point regarding this issue—specifically regarding whether a Plaintiff may claim that the ALJ erred by failing to obtain a consultative medical opinion where the ALJ attempted to obtain that opinion, but the consultative examiner concluded that it had insufficient information because Plaintiff did not provide requested information.

In support of its argument, the Commissioner cites to several cases and regulations establishing that the claimant has the burden to prove disability and provide information to the Social Security Commission.  *See* 20 C.F.R. § 416.912(a) ("[i]n general, you have to prove to us that you are blind or disabled"); *Tidwell v. Apfel*, 161 F.3d 599, 600 (9th Cir. 1999) ("the burden is on the claimant to establish her entitlement to" disability benefits); Social Security Ruling (SSR) 17-4p (agency rules of conduct "impose an affirmative duty on a representative to act with reasonable promptness to help obtain the information or evidence that the claimant must submit and forward the information or evidence to us as soon as practicable").

The Commissioner also cites to *Duenas v. Shalala*, 34 F.3d 719, 722 (9th Cir. 1994), in which the Ninth Circuit held that an ALJ does not err by failing to develop the record where Plaintiff "provided only sketchy information as to his employment," and where "[n]o request was made of the ALJ to develop the record, and it is unclear what further the ALJ could have done in the absence of an identification of the alleged employers. By contrast, when such identifying material was provided the Secretary diligently pursued the information." *Duenas v. Shalala*, 34 F.3d 719, 722 (9th Cir. 1994).

The Court has also reviewed the cases cited by Plaintiff in her supplemental brief.  First, Plaintiff points to the following part of a magistrate judge's Findings and Recommendation, later adopted, in *Alan G. v. Berryhill*, which found error in the ALJ's reliance on a Plaintiff's failure to submit an adult function report as a basis to discount Plaintiff's subjective symptom testimony:

---

² SSA-3373-BK - Function Report- Adult

5

> The ALJ also discounted Plaintiff's testimony on the ground that it is inconsistent with Plaintiff's ability to "perform a full range of daily activities." (*See* Tr. 21, finding that Plaintiff's purported ability to "perform a full range of daily activities ... is inconsistent with the nature, severity, and subjective complaints of the claimant"). In support of this finding, the ALJ noted that: . . . (2) Plaintiff did not submit an Adult Function Report, which, according to the ALJ, "would have provided greater insight into his daily functioning." (Tr. 21.) Substantial evidence does not support discounting Plaintiff's symptom testimony on this ground. . . .
>
> Furthermore, the Commissioner notes that a claimant discharges his duty of proving disability by providing evidence, including "statements and information about his daily activities," that the Social Security Administration can use in evaluating the application, yet Plaintiff "failed to submit a function report that would have explicated his daily activities." (Def.'s Br. at 20-21.) The Commissioner, however, fails to cite any legal authority indicating that a claimant is required to provide both written and oral testimony regarding his or her daily activities. Further, if the ALJ believed that the record regarding Plaintiff's daily activities was inadequate, the ALJ should have inquired further about this subject during the hearing.[7]
>
> FN 7: The ALJ was aware that Drs. Lewy and Kennemer believed that there was "insufficient evidence" to evaluate any restrictions on activities of daily living during the relevant time period.

*Alan G. v. Berryhill*, No. 1:18-CV-00470-SB, 2019 WL 3728992, at *7–8 (D. Or. Mar. 8, 2019), *R&R adopted sub nom. Alan G. v. Commissioner Social Security Administration*, No. 1:18-cv-00470-SB, 2019 WL 3717797 (D. Or. Aug. 7, 2019).

Plaintiff also relies on the district judge's decision in *Trujillo v. O'Malley*, finding that the ALJ's erred in rejecting Plaintiff's subjective symptom testimony, based in part on the fact that the claimant had not completed an adult function report. *Trujillo v. O'Malley,* No. 1:21-cv-0273-JLT-GSA, 2024 WL 4024721, at *6 (E.D. Cal. Sept. 3, 2024) (where ALJ's opinion stated in part "I additionally note that the claimant has apparently elected not to complete and submit an adult function report. By not providing the information requested in this form, the claimant lost an opportunity to provide further insight into the precise nature and severity of her allegedly disabling symptoms and limitations"). Regarding this reason, the District Court stated:

> The ALJ seems to support the decision to reject Plaintiff's statements concerning the severity of her symptoms because Plaintiff "elected not to complete and submit and adult function report," and did not provide additional information concerning her limitations. (Doc. 12-1 at 31.) However, a review of the record shows that Plaintiff's attorney, Jonathan Pena, completed and submitted several adult function

reports on Plaintiff's behalf. (*Id.* at 275-277 [Exh. B2E]; 295-301 [Exh. B4E]; 306-310 [Exh. B7E].) These forms—which clearly indicate another may complete the form—were completed on October 26, 2018; February 5, 2018; and March 12, 2019. (*Id.*) Thus, though *Plaintiff* did not complete and submit the adult function report, the record clearly includes reports prepared by counsel, discussing Plaintiff's impairments and whether she had any changes as the application progressed from the initial level to the hearing level. (*See, e.g.*, 276 [identifying Plaintiff's physical conditions that limit her ability to work], 296 ["my overall health has worsened"], 307-307 [indicating no changes since the prior form was completed].)

Moreover, Plaintiff testified at the hearing concerning her ability to sit, stand, walk, and carry items. (*See, e.g.,* Doc. 12-1 at 67-69.) As a result, the record included similar information as claimants provide in any function reports. The purported failure to complete and submit an adult function form is not a clear and convincing reason to reject Plaintiff's statements regarding the severity of her symptoms. *See Galloway v. Colvin*, 2016 WL 1237684, at *8 (C.D. Cal. Mar. 21, 2016) (finding an ALJ erred by discounting a claimant's credibility on the grounds that she failed to complete a function report because the claimant testified concerning her activities of daily living, and the lack of a function report did not impede adjudication of the case); *Alan G. v. Berryhill*, 2019 WL 3728992, at *7-8 (D. Or. Mar. 8, 2019) (finding the ALJ erred in considering the claimant's failure to submit a function report in evaluating his subjective statements).

*Trujillo v. O'Malley,* No. 1:21-cv-0273-JLT-GSA, 2024 WL 4024721, at *6 (E.D. Cal. Sept. 3, 2024).

Plaintiff also cites to the Magistrate Judge's opinion in *Galloway v. Colvin*, finding that the ALJ erred in discounting Plaintiff's subjective symptom testimony in part on Plaintiff's failure to provide an adult function report, stating:

The ALJ also noted that Plaintiff had been asked "multiple times" by the State Agency to complete an "Adult Function Report" outlining her activities of daily living, but had failed to do so. The ALJ found that Plaintiff's failure was "without good cause" and determined that it "reflect[ed] negatively on the credibility of her allegations as a whole." (T at 28). This finding is problematic in at least two respects.

First, the ALJ's "lack of good cause" finding is conclusory and it is not clear that the ALJ considered the fact that Plaintiff's severe depression and anxiety may have interfered with her ability to reflect on her condition and complete the form and/or may have impaired her ability to understand what was being required.

Second, Plaintiff appeared for the administrative hearing and was subjected to extensive, detailed questions about her activities of daily living. The hearing was difficult. At one point, the proceeding was adjourned because Plaintiff broke down

7

> crying and vomited. (T at 49). The hearing was completed and the ALJ had ample opportunity to develop the record with regard to Plaintiff's activities of daily living. As such, Plaintiff's failure to complete the "function report" appears to have had no substantive impact on the development of the record and did not impede the Commissioner's adjudication of her case. It was therefore error for the ALJ to discount her credibility on this basis.

*Galloway v. Colvin*, No. 15-cv-00345-VEB, 2016 WL 1237684, at *8 (C.D. Cal. Mar. 28, 2016,), *judgment entered* No. 15-cv-00345-VEB, 2016 WL 1239141 (C.D. Cal., Mar. 28, 2016).

### c. Analysis

After consideration, the Court finds that the ALJ did not err by failing to obtain a consultative medical opinion, because the ALJ attempted to do so, but the consultative examiners lacked sufficient information due to Plaintiff's own failure to provide necessary information.

Again, the ALJ attempted to obtain a medical opinion from a consultative examiner in this case. The consultative examiners reviewed the evidence submitted in the record, but found that it was insufficient to establish disability because the Plaintiff had not provided evidence needed to evaluate her claim. (A.R. 61 ("Physical: This is a younger invidual that would need a less than sed to allow. The cl has multi prior filings. The cl alleges headaches; back pain; high blood pressure; Hidradenitis Suppurativa, bump under armpits; and levoscoliosis. We have been unable to get the completed funx forms back from cl or rep and we have recd no response to call in's sent to cl and rep. We have given addl tine, due process was served. We have IE to fully adjudicate this T16 claim. MLCOBB.  Physical MC Response 08/25/2021: Agree, insufficient evidence. jlinder,md#19")). On reconsideration, the medical consultative examiners again attempted to assess Plaintiff's claim, but again concluded that without Plaintiff's information, there was insufficient evidence. (A.R. 72 ("There is limited evidence in the file that does not adequately describe the claimant's alleged impairments. The claimant has failed to respond to our requests for the additional information needed to proceed with this evaluation.")).

Moreover, the Commissioner correctly cites to authority that the Plaintiff has a duty to provide information to the agency. Social Security Ruling (SSR) 17-4p (agency rules of conduct "impose an affirmative duty on a representative to act with reasonable promptness to help obtain the information or evidence that the claimant must submit and forward the information or evidence to us as soon as practicable"). It is undisputed that Plaintiff failed to do so.

Nor do Plaintiff's cases hold otherwise. As described above, those cases found that the ALJ erred in drawing certain conclusions about Plaintiff's credibility from Plaintiff's failure to submit the adult function form. Here, in contrast, the ALJ did not rely on Plaintiff's failure to submit the form as a basis for finding Plaintiff not disabled. In fact, the only mention of Plaintiff's failure to submit the forms was the ALJ's accurate observation that the consultative examiners found insufficient evidence to evaluate the claim. (A.R. 27 ("The State agency medical consultants, J. Linder, MD and W. Jackson, MD, determined there was insufficient evidence to evaluate the claim. Exhibit 1A; 3A. These are not prior administrative medical findings under our regulations. 20 CFR 416.913(a)(5). The finding of no medically determinable impairments at both the initial and reconsideration levels appears to not be a prior administrative medical finding and only based on the doctors' determinations that there was insufficient evidence.")). Rather, the ALJ evaluated Plaintiff's claim on the evidence presented, including the medical evidence of record and Plaintiff's testimony, and rendered an RFC and determination based on that evidence.

It is also worth noting that in one of the cases cited by Plaintiff, the claimant's attorney had provided the claimant's function reports. *Trujillo v. O'Malley,* No. 1:21-cv-0273-JLT-GSA, 2024 WL 4024721, at *6 (E.D. Cal. Sept. 3, 2024) ("a review of the record shows that Plaintiff's attorney, Jonathan Pena, completed and submitted several adult function reports on Plaintiff's behalf."). The same is not true here. In another case cited by Plaintiff, there was evidence that the claimant had failed to submit the forms due to her own depression, which is also not the case here. *Galloway v. Colvin*, No. 15-cv-00345-VEB, 2016 WL 1237684, at *8 (C.D. Cal. Mar. 28, 2016,), *judgment entered* No. 15-cv-00345-VEB, 2016 WL 1239141 (C.D. Cal., Mar. 28, 2016) ("Plaintiff's severe depression and anxiety may have interfered with her ability to reflect on her condition and complete the form and/or may have impaired her ability to understand what was being required.").

Therefore, the Court concludes that the ALJ did not err in failing to develop the record by obtaining a consultative medical opinion.

**2. Whether Substantial Evidence Supports the ALJ's decision**

The Court next looks to whether the ALJ's opinion, based on the information available to

it, is supported by substantial evidence.

### a. Legal Standards

In reviewing findings of fact with respect to RFC assessments, this Court determines whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

### b. ALJ's Opinion

> The ALJ determined that Plaintiff had the following Residual Functional Capacity (RFC): to lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently in light work as defined by the regulations. 20 CFR 416.967(b). She can stand and/or walk 4 hours in an 8-hour day. She can sit 6-hours in an 8-hour day. She requires a sit/stand option at 30 to 45 minute intervals for 3 to 5 minutes at a time, during which periods she may remain on task. She may never climb ladders, ropes, and scaffolds. She may occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. With the upper extremities, she may frequently push, pull, and reach in all directions. She must avoid more than occasional exposure to extreme heat, cold, vibration, direct sunlight, and concentrated pulmonary irritants (such as fumes, odors, dust, gases, chemicals), and poorly ventilated spaces. She should avoid all exposure to hazards such as dangerous moving machinery and unsecured heights. She can attend, concentrate, and maintain pace for two hours at a time with normal breaks.

(A.R. 22).

In making this determination, the ALJ considered Plaintiff's statements, finding that they were inconsistent because "while the evidence supports the claimant has severe impairments under our rules and regulations, the record contains many unremarkable findings, and a lack of significant ongoing abnormal findings, that supports significant functional ability." (A.R. 23). The ALJ then reviewed the medical record at length. (A.R. 23-24). The ALJ then provided the following reasoning for the RFC:

> Based on the foregoing, I find the claimant has the above residual functional capacity assessment, which is supported by the overall evidence of record and the claimant's ability to babysit her nephew for pay in 2022. The lumbar spine MRI in the evidence reflect minimal back pathology. Exhibit 2F/12, 28. The medical record demonstrates that the claimant has flare-ups of hidradenitis suppurativa, but the condition improves with treatment.

> The treatments records do not typically contain full physical exam findings, but the claimant was found to be well appearing, alert, fully oriented, and in no acute distress in November 2021, about six months after she applied for disability benefits, with no wheezing, no rashes, no hives, no erythema, 5/5 strength in the bilateral upper and lower extremities, intact range of motion in all extremities, and grossly intact sensation in the bilateral upper and lower extremities. Exhibit 4F/60. Similarly, she had an appropriate mood and affect in March 2022 and was alert, fully oriented, and well appearing with regular heart rate and rhythm, clear lungs, and 5/5 strength in the bilateral upper and lower extremities. Exhibit 4F/48. Despite her complaints, the claimant was described in May 2021, a few days after applying for benefits, and November 2021, March and October 2022, and more recently in January, February, March, June, and July 2023, as well appearing and typically also being in no acute distress. Exhibit 1F/14; 4F/8, 9, 11, 19, 20, 22, 24, 34, 48, 60.
>
> The claimant testified she had been getting headaches 3-4 times a week prior to the week of the hearing but this is not consistent with the medical records that do not demonstrate this frequency of headaches. The claimant reported having headaches off and on (Exhibit 2F/27) and based on the many visits when she did not have a headache, it appears that her headaches are generally well controlled with medication. Exhibit 2F/8, 9, 13, 15; 4F/29, 38, 40, 41.
>
> The claimant was paid to babysit her nephew in 2022 and earned $5,171 doing this work. She testified she did this for, at most, two hours in the morning for two or three days and she would get her nephew ready for daycare. Despite her testimony of limited hours doing this job, being responsible for her nephew and getting him ready for daycare does demonstrate significant physical and mental ability.
>
> Despite her limitations, the evidence supports that the claimant would be capable of performing work within the restrictions of the above residual functional capacity.

(A.R. 24-25).

### c. Discussion

The Court finds that the ALJ's decision is supported by substantial evidence.

The ALJ properly considered records establishing Plaintiff's medically determinable impairments (A.R. 23-24 (citing A.R. 354, 370, 417, 366, 383-86)). The ALJ then explained that the record contained many unremarkable findings, and did not show ongoing abnormal findings that supported significant functional ability. (A.R. 23). Upon review, the Court finds the cited records support the ALJ's conclusions. For example, the record cited by the ALJ for showing "the claimant was found to be well appearing, alert, fully oriented, and in no acute distress in

11

November 2021, about six months after she applied for disability benefits, with no wheezing, no rashes, no hives, no erythema, 5/5 strength in the bilateral upper and lower extremities, intact range of motion in all extremities, and grossly intact sensation in the bilateral upper and lower extremities," has a number of check marks next to the points indicated such as "[w]ell appearing." (A.R. 449). The record that the ALJ cited for showing "she had an appropriate mood and affect in March 2022 and was alert, fully oriented, and well appearing with regular heart rate and rhythm, clear lungs, and 5/5 strength in the bilateral upper and lower extremities," similarly has check boxes indicating these results. (A.R. 437). The exhibits cited for the proposition that "[d]espite her complaints, the claimant was described in May 2021, a few days after applying for benefits, and November 2021, March and October 2022, and more recently in January, February, March, June, and July 2023, as well appearing and typically also being in no acute distress," have boxes checked for "[w]ell appearing," and "NAD." (*See, e.g.,* A.R. 314, 397, 398, 400, 408, 409, 411, 413). Similarly, while document cited for indicating that Plaintiff had headaches off and on is somewhat difficult to read, it does say "get better," and "neck rash getting better." (A.R. 369). The records cited for not indicating a headache at that time show that the box next to "headache" is indeed not checked. (*See e.g.*, A.R. 351, 357). The ALJ also appropriately relied on Plaintiff's role babysitting her nephew for two hours, two or three days per week.

Accordingly, Court concludes that the ALJ's opinion was supported by substantial evidence.

## II.  CONCLUSION AND ORDER

For the reasons stated above, the decision of the Commissioner of Social Security is affirmed. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**August 7, 2025**__              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE